UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT AND DIANNE GLASER | CIVIL ACTION |
| VERSUS | |
| | NO. 06-9022 |
| AMERICAN NATIONAL PROPERTY AND INSURANCE COMPANIES D/B/A ANPAC LOUISIANA INSURANCE COMPANY, ET AL | SECTION "N" (4) |

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by Plaintiffs, Robert and Dianne Glaser (hereafter referred to as "Plaintiffs" or "the Glasers"), wherein they seek the remand of this matter to the 34th Judicial District Court in and for the Parish of St. Bernard, State of Louisiana. Defendant American National Property and Insurance Companies d/b/a ANPAC Louisiana Insurance Company ("ANPAC") opposes the Motion to Remand.

### I. BACKGROUND AND PROCEDURAL HISTORY

The Glasers are owners of certain immovable property located in the Parish of St. Bernard, which property is allegedly the subject of an insurance policy issued by ANPAC. On August 29, 2005, Hurricane Katrina made landfall in southeast Louisiana, causing catastrophic damages to

1

properties in the area. Corresponding levee breaches caused significant flooding, particularly in St. Bernard Parish.

On August 18, 2006, the Glasers filed suit against ANPAC in the 34th Judicial District Court for the Parish of St. Bernard. On or about October 25, 2006, ANPAC removed this matter to the Eastern District of Louisiana, asserting as a jurisdictional ground only the Multi-Party Multi-Forum Trial Jurisdiction Act ("MMTJA"), 28 U.S.C. § 1441. Plaintiffs argue that this Court does not have jurisdiction pursuant to the MMTJA, and that this matter was improperly removed. Plaintiffs further seek attorney's fees and costs in connection with the removal and this Motion to Remand.

## II.  LAW AND ANALYSIS

The arguments made in connection with this Motion to Remand were previously the subject of an identical motion pending before this Court in the case of *Case v. ANPAC Louisiana Insurance Company*, 2006 WL 3469550 (E.D. La. November 30, 2006). The Court incorporates by reference the entirety of Judge Lemelle's opinion in that matter, in which he granted the Motion to Remand. Indeed, numerous opinions from this Court have repeatedly (and, in the opinion of the undersigned, quite correctly) failed to find federal jurisdiction resting upon the MMTJA under these factual circumstances. See *Case v. ANPAC Louisiana Ins. Co.,* 466 F.Supp.2d 781 (E.D. La. 2006); *Flint v. Louisiana Farm Bureau Mut. Ins. Co.*, 2006 WL 2375593 (E.D. La. Aug. 15, 2006); *Southern Athletic Club, L.L.C. v. The Hanover Ins. Co.,* 2006 WL 2583406 (E.D. La. Sept. 6, 2006); *Fradella's Collision v. Lafayette Ins. Co.*, 2006 WL 3258332 (E.D. La. Oct. 30, 2006); *Fidelity Homestead Assoc. v. The Hanover Ins. Co.,* 458 F.Supp.2d 276 (E.D. La. 2006); *Jackson v. State*

*Farm Fire & Cas. Ins. Co.,* 2006 WL 3332835 (E.D. La. Nov. 9, 2006); *M. Robert Enterprises, Inc. v. United Fire & Cas. Co.,* 2006 WL 3344688 (E.D. La. Nov. 15, 2006); *Haas v. Lafayette Ins. Co.,* 2006 WL 3437498 (E.D. La. Nov. 27, 2006); *Yount v. Lafayette Insurance Co.*, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); and *Southall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (E.D. La. Aug. 16, 2006).

Suffice it to say, the Court is unconvinced by ANPAC's argument that those cases (and others) were erroneously decided. Even without the guidance of those cases, the Court finds ANPAC's assertion of federal jurisdiction so enormously broad as to border on frivolous. It is well established that federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 114 S.Ct. 1673 (U.S. Cal. 1994). ANPAC's argument herein constitutes convoluted legal gymnastics in an attempt to stretch federal court jurisdiction well beyond that contemplated under the MMTJA.

Because of the significant legal frailty of ANPAC's removal, plaintiffs seek reasonable attorney's fees and costs incurred as a result of this removal pursuant to 28 U.S.C. § 1447(c). The Court need not find bad faith in making an award of such fees and costs, *Teer v. The Upjohn Co., et al,* 741 F.Supp. 1242 (M.D. La. 1990), and finds no bad faith herein. Nonetheless, given the obvious weaknesses of ANPAC's argument, and the strong likelihood that they would be unsuccessful, the Court finds an award of reasonable attorney's fees and costs warranted under these circumstances.

### III.  CONCLUSION

For the reasons stated herein, the Plaintiffs' Motion to Remand is **GRANTED**, and this matter is remanded to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.  Plaintiffs are also awarded reasonable attorney's fees and costs incurred in connection with the removal and remand of this matter.

New Orleans, Louisiana, this  24th day of April, 2007.

                              **KURT D. ENGELHARDT**
                              **United States District Judge**